UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA AMELIA MEJIA PORTILLO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>POLLY KAISER, et al.,<br><br>　　　　　Defendants. | Case No. 25-cv-05982-WHO<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>Re: Dkt. No. 1, 3 |

　　　　On July 16, 2025, Maria Amelia Mejia Portillo ("Mejia Portillo"), proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition") and an Application to Proceed *In Forma Pauperis* ("IFP Application"). *See* Petition (Dkt. No. 1); IFP Application (Dkt. No. 3). After reviewing both documents, I GRANT Mejia Portillo's IFP Application.

## I.　　IFP APPLICATION

　　　　A court may authorize a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security. *See* 28 U.S.C. § 1915(a). Having evaluated Mejia Portillo's financial affidavit, Dkt. No. 3, I believe that she has satisfied the economic eligibility requirement of 28 U.S.C. § 1915(a) and GRANT the IFP Application.

## II.　　REVIEW OF PETITION

### A.　　Legal Standard

　　　　In evaluating an IFP application, the court should "gran[t] or den[y] IFP status based on the applicant's financial resources alone and then independently determin[e] whether to dismiss the complaint on the grounds that it is frivolous." *Franklin v. Murphy*, 745 F.2d 1221, 1226–27 n.5 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989). A court may dismiss a case filed without the payment of the filing fee whenever it determines that

the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

### B. Claims

Having reviewed the Petition, I conclude that it is not frivolous, and that Mejia Portillo has set forth at least one claim upon which relief may be granted. Mejia Portillo claims that she is at risk of being detained by Immigration and Customs Enforcement ("ICE") without a pre-deprivation hearing. Petition 2 ("[d]espite her efforts . . . [Mejia Portillo] now faces imminent risk of arrest and detention under new federal enforcement tactics."). She asserts a Fifth Amendment Due Process claim, arguing that her detention "without an individualized hearing would constitute arbitrary deprivation of liberty in violation of the Due Process Clause." Petition 6.

Courts throughout this circuit have been employing the *Mathews v. Eldridge* test to determine whether a detention constitutes a violation of due process, which considers: (i) the private interest, (ii) the risk of an erroneous deprivation and the value of additional procedures sought, and (iii) the government's interest, including the burdens associated with the additional procedures sought. 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *see e.g. Guillermo M. R. v. Kaiser*, No. 25-CV-05436-RFL, 2025 WL 1983677, at *4 (N.D. Cal. July 17, 2025); *Domingo v. Kaiser*, No. 25-CV-05893 (RFL), 2025 WL 1940179, at *2 (N.D. Cal. July 14, 2025).

Because she filed the Petition on the same day that she was apparently scheduled to attend an ICE check-in, July 16, 2025, it is not clear to the court whether Mejia Portillo has been detained. For the purposes of evaluating the IFP Application, her Petition is not frivolous.

**IT IS SO ORDERED.**

Dated: July 22, 2025

William H. Orrick
United States District Judge